STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD HEYS, an individual;<br><br>Defendant. | Case No.: 2:10-cv-01110<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Howard Heys ("Mr. Heys") on information and belief:

## NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Heys is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <luxejewelryblogs.com> (the "Domain").

5. Mr. Heys is, and has been at all times relevant to this lawsuit, identified by GoDaddy, as the administrative and technical contact for the Domain.

## JURISDICTION

6. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7. Righthaven is the owner of the copyright in the literary work entitled: "Driver arraigned in double fatality" (the "Work"), attached hereto as Exhibit 1.

8. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

9. Mr. Heys willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

10. On or about March 28, 2010, Mr. Heys displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

11. The subject matter, at least in part, of both the Work and the Infringement is the arraignment of a Nevada resident accused of causing an automobile crash that killed two Nevada residents in February 2010.

12. At all times relevant to this lawsuit, Mr. Heys knew that the Work was originally published in the Las Vegas *Review-Journal*.

13. Mr. Heys's display of the Infringement was and is purposefully directed at Nevada residents.

14. Mr. Heys willfully copied, on an unauthorized basis, the literary work entitled: "Goodman defends museum," attached hereto as Exhibit 3 (the "Museum Article"), from a source emanating from Nevada.

15. On or about December 27, 2009, Mr. Heys displayed the Museum Article on the Website.

16. Mr. Heys' display of the Museum Article was and is purposefully directed at Nevada residents.

17. Mr. Heys purposefully directs and effectuates the unauthorized reproductions of a Righthaven-owned copyrighted works on the Website.

18. Mr. Heys purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

## VENUE

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

## FACTS

20. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

21. Righthaven is the owner of the copyright in the Work.

22. The Work was originally published on March 24, 2010.

23. On June 7, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007156393 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

24. On or about March 28, 2010, Mr. Heys displayed the Infringement on the Website.

25. Mr. Heys changed the original title of the Work: "Driver arraigned in double fatality," to a new title on the Infringement: "Attorney negotiating fate of woman accused of causing fatal crash."

26. Mr. Heys claimed, and continues to claim, authorship to the Infringement.

27. Mr. Heys did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. Mr. Heys was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

34. Mr. Heys reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

35. Mr. Heys created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

36. Mr. Heys distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

37. Mr. Heys publicly displayed, and continues to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

38. Mr. Heys has willfully engaged in the copyright infringement of the Work.

39. Mr. Heys's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

40. Unless Mr. Heys is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Heys of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Heys, and Mr. Heys's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Heys, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Heys to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Heys's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Heys has communicated regarding Mr. Heys's use of the Work; and

   c. All financial evidence and documentation relating to Mr. Heys's use of the Work;

 3. Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

 4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

 5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

 6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

 7. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this seventh day of July, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff